UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>PATRICK DEHERTOGH )<br>)<br>    Defendant. ) | CRIMINAL ACTION<br>NO. 10-10068-WGY |

MEMORANDUM

YOUNG, D.J.                                                                               November 4, 2010

      The government interposes a procedural bar to consideration of the defendant's motion for mistrial. It is wholly misplaced. Indeed, it comes as something of a surprise. Defense counsel timely and promptly made this motion for a mistrial in open court just as soon as the incident occurred. Afer taking corrective action, the Court _provisionally_ denied the motion so that the trial could proceed to verdict, making clear it would carefully consider the matter thereafter. Both the transcript and the docket confirm this procedure.[1]

      On the merits, the motion for mistrial should be, and was, denied. The Court took prompt, strong, and effective action, confirming that the jury was unmoved by the incident and was prepared to deliberate impartially. Defense counsel sought no further action and professed

---

[1] Indeed, were the government to succeed in springing this rather tawdry procedural trap, trial judges would be well advised to make immediate rulings right from the saddle. In that event, however, it could be said of such a judge as was said of General Pope when he announced that his headquarters were in the saddle – "His headquarters are where his hindquarters ought to be." David J. Eicher, The Longest Night: A Military History of the Civil War, 318 (Simon & Schuster 2001) (quoting the Richmond Intelligencer after Second Manassas).

1

himself satisfied with the action taken by the Court.

For these reasons, the motion for mistrial, see Document No. 53, was properly denied on November 1, 2010.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE